1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  TRAVIS E. DOWNS III (148274)
   JAMES I. JACONETTE (179565)
3  JEFFREY D. LIGHT (159515)
   BENNY C. GOODMAN III (211302)
4  MARY LYNNE CALKINS (212171)
   655 West Broadway, Suite 1900
5  San Diego, CA 92101
   Telephone: 619/231-1058
6  619/231-7423 (fax)
   travisd@csgrr.com
7  jamesj@csgrr.com
   jeffl@csgrr.com
8  bgoodman@csgrr.com
   mcalkins@csgrr.com
9      – and –
   SHAWN A. WILLIAMS (213113)
10 AELISH M. BAIG (201279)
   100 Pine Street, Suite 2600
11 San Francisco, CA 94111
   Telephone: 415/288-4545
12 415/288-4534 (fax)
   swilliams@csgrr.com
13 abaig@csgrr.com

14 Lead Counsel for Plaintiffs

15 [Additional counsel appear on signature page.]

16              UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA

18                    WESTERN DIVISION

19 In re SEMTECH CORPORATION         )  Master File No.
   DERIVATIVE LITIGATION             )    CV-06-03510-CAS(FMOx)
20 ─────────────────────────────────  )
                                      )  STIPULATION OF SETTLEMENT
21 This Document Relates To:          )
                                      )
22      ALL ACTIONS.                  )
                                      )
23 ─────────────────────────────────  )

24

25

26

27

28

1    This Stipulation of Settlement, dated September 3, 2008 (the "Stipulation"), is
2    made and entered into by and among the following Settling Parties (as defined further
3    in ¶1.19 hereof): (i) Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund
4    (the "Federal Plaintiff" or "Lead Federal Plaintiff") (on behalf of itself and
5    derivatively on behalf of Semtech Corporation ("Semtech" or the "Company")); (ii)
6    Sydelle Guardino (the "Lead State Plaintiff") (on behalf of herself and derivatively on
7    behalf of Semtech); (iii) the Individual Defendants (as defined in ¶1.5); and (iv)
8    nominal party Semtech, each by and through their respective counsel. The Stipulation
9    is intended by the Settling Parties to fully, finally and forever resolve, discharge and
10   settle the Released Claims (as defined in ¶1.15), upon and subject to the terms and
11   conditions hereof.

12   **I.     HISTORY OF THE ACTIONS**
13          **A.     Initiation of the Federal Derivative Action**
14          On June 7, 2006, Employer-Teamsters Local Nos. 175 & 505 Pension Trust
15   Fund filed this shareholder derivative action on behalf of nominal defendant Semtech
16   against certain of the Company's current and former directors and officers for alleged
17   breaches of fiduciary duties in connection with the Company's stock option granting
18   practices and associated accounting.

19          On July 27, 2006, the Court entered Pretrial Order No. 1 Consolidating Cases
20   for All Purposes, Appointing Lead Plaintiff and Lead Counsel, and Setting Schedule
21   (the "Pretrial Order").    The Pretrial Order consolidated the initial shareholder
22   derivative action and any other shareholder derivative action on behalf of Semtech
23   that involved questions of law or fact similar to those contained in the initial action
24   under the following caption: *In re Semtech Corporation Derivative Litigation*, Master
25   File No. CV-06-03510-CAS-FMOx (the "Federal Derivative Action").

26          Subsequently, on October 16, 2006, plaintiffs Manmohan S. Lamba and James
27   Jobe filed shareholder derivative actions (CV-06-990-CAS(FMOx) and CV06-991-
28   CAS(FMOx), the "Lamba Action" and the "Jobe Action," respectively) in this Court

1 arising out of substantially the same facts as alleged by Lead Federal Plaintiff.  By
2 stipulation and order filed by the Court on March 16, 2007, the Lamba Action and
3 Jobe Action were consolidated into the Federal Derivative Action subject to the
4 Court's Pretrial Order.

5      On December 1, 2006, Lead Federal Plaintiff filed and served an Amended
6 Verified Shareholder Derivative Complaint ("Amended Complaint").

7      **B.    Initiation of the State Derivative Action**

8      On May 26, 2006, Plaintiff Sydelle Guardino filed a Shareholder Derivative
9 Complaint (Case No. Civ. 241299) in the Superior Court of the State of California,
10 County of Ventura (the "Superior Court") alleging claims for breaches of fiduciary
11 duty and unjust enrichment against certain current and former directors and officers of
12 Semtech (the "Guardino Action").  On June 5, 2006, plaintiff Kenneth Graham filed a
13 Shareholder Derivative Complaint (Case No. Civ. 241426) in the Superior Court
14 alleging claims similar to those raised in the Guardino Action (the "Graham Action,"
15 collectively with the Guardino Action, are referred to as the "State Derivative Action"
16 and collectively with the Federal Derivative Action, the "Derivative Actions").

17      On July 28, 2006, the Superior Court adopted the Stipulation and Order
18 Consolidating Actions and Appointing Lead and Liaison Counsel for Plaintiff and
19 thereby consolidated the Guardino Action and the Graham Action and any other
20 shareholder derivative action on behalf of Semtech filed in or transferred to the
21 Superior Court that involved questions of law or fact similar to those contained in the
22 Guardino Action and Graham Action and appointed plaintiff Sydelle Guardino as lead
23 plaintiff and appointed Schiffrin, Barroway, Topaz & Kessler, LLP as lead counsel.

24      On October 25, 2006, Lead State Plaintiff filed a Consolidated Shareholder
25 Derivative Complaint alleging claims for accounting, breach of fiduciary duties and/or
26 aiding and abetting, unjust enrichment, rescission, and violation of the California
27 Corporations Code against certain current and former directors and officers of
28 Semtech.

1       On November 14, 2006, Semtech and the individual defendants in the State
2    Derivative Action filed a Motion to Stay.  Lead State Plaintiff opposed the Motion to
3    Stay.  On December 8, 2006, the Superior Court granted the Motion to Stay filed by
4    Semtech and the individual defendants in the State Derivative Action in favor of the
5    pending Federal Derivative Action.  On September 6, 2007, the Superior Court
6    reaffirmed the stay of the State Derivative Action and set a case management
7    conference for April 7, 2008 to review the status of the case.  The Superior Court
8    reaffirmed the stay at the April 7, 2008 case management conference and set a status
9    hearing for November 10, 2008.

10      **C.    Procedural History of the Federal Derivative Action and
             Mediation**

11      On July 12, 2006, the Semtech Board of Directors (the "Board") formed a
12   Special Committee to investigate the Company's stock option practices and associated
13   accounting.  Subsequently, in October 2006, Semtech's Board of Directors established
14   a Special Litigation Committee ("SLC") and chose two then recently-appointed Board
15   members to serve on it.  The SLC met numerous times from November 2006 through
16   March 2007, in connection with, *inter alia*, its charge to assess the Company's rights
17   and remedies against certain individuals and evaluate whether prosecution of the
18   Derivative Actions was in the Company's best interests.  On March 23, 2007, the SLC
19   completed its investigation and approved its final report.

20      On or about April 2, 2007, defendants filed responses to the Amended
21   Complaint as follows: (i) Motion in Support of Individual Defendants' Motion to
22   Dismiss Plaintiffs' Amended Verified Shareholder Derivative Complaint (and Joinder
23   of defendant John D. Poe); (ii) Motion of Jack O. Vance to Dismiss Plaintiffs'
24   Amended Verified Shareholder Derivative Complaint; (iii) nominal defendant
25   Semtech Corporation's Motion to Dismiss Plaintiffs' Amended Verified Shareholder
26   Derivative Complaint; and (iv) nominal defendant Semtech Corporation's Motion to

27

28

1  Stay Pending Completion of the Special Litigation Committee Process and Related
2  Board Action (collectively, defendants' "Motions").

3         On May 17, 2007, Lead Federal Plaintiff filed a consolidated opposition to
4  defendants' Motions.   Thereafter, on June 7, 2007, the Court determined that
5  Semtech's anticipated motion to terminate should be heard prior to the pending
6  motions to dismiss and on that basis denied Semtech's and the Individual Defendants'
7  motions to dismiss, without prejudice to their being renewed after the Court rules on
8  Semtech's motion to terminate.  Subsequently, on or about July 17, 2007, Semtech
9  filed and served by mail its Motion to Dismiss the Derivative Complaints Pursuant to
10 Rule 23.1 or in the Alternative Motion for Summary Judgment ("Motion to
11 Terminate").

12        On August 30, 2007, the parties attended a full-day mediation with retired
13 Judge Daniel Weinstein in San Francisco in an effort to resolve the Derivative
14 Actions.  Prior to the filing deadline for Lead Federal Plaintiff's opposition to the
15 Motion to Terminate, the parties agreed to table discovery and the remainder of the
16 Motion to Terminate briefing schedule in the interest of judicial and litigant economy.
17 On December 19, 2007, the parties participated in a second mediation session with
18 Judge Weinstein in New York.

19        The parties continued to engage in settlement discussions following the second
20 mediation session in New York, and discussions progressed such that as of February
21 4, 2008, the parties believed it was probable they would reach a settlement resolving
22 the action in its entirety within 45 days.  As a result, pursuant to the parties' agreement
23 and by order of the Court, the Motion to Terminate was taken off calendar and the
24 parties have been required to submit joint status reports concerning the progress of
25 their efforts to resolve this action to the Court on a periodic basis.

26        Semtech and Individual Defendants John D. Poe ("Poe") and David G. Franz,
27 Jr. ("Franz") have entered into a separate release agreement ("Separate Poe and Franz
28 Release Agreement") which is attached hereto as Exhibit A.

1  As a result of the foregoing and the negotiations among counsel for the parties,
2  Lead Federal Plaintiff and Lead State Plaintiff, Semtech and the Individual
3  Defendants have agreed to settle the Derivative Actions on the terms and conditions
4  set forth in this Stipulation.

## II.   SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Settling Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Plaintiffs in the Derivative Actions. The Settling Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Derivative Actions. The Settling Defendants also have denied and continue to deny, *inter alia*, the allegations that the Plaintiffs, Semtech or its stockholders have suffered damage, or that the Plaintiffs, Semtech or its stockholders were harmed by the conduct alleged in the Derivative Actions. The Settling Defendants have further asserted that at all relevant times, they acted in good faith, and in a manner they reasonably believed to be in the best interests of Semtech and its stockholders.

Nonetheless, the Individual Defendants, Semtech, and the SLC have concluded that further conduct of the Derivative Actions would be protracted, expensive, and distractive to Semtech and its management. The Individual Defendants and Semtech have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Derivative Actions. The Individual Defendants and Semtech have, therefore, determined that it is desirable that the Derivative Actions, and all of the Settling Parties' disputes related thereto, be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation (hereinafter, the "Settlement"). The SLC believes that the Settlement is in the best interest of the Company.

III. **CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT**

The Lead Plaintiffs believe that the claims asserted in the Derivative Actions, and the claims which could potentially be asserted, have merit. However, counsel for the Lead Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Derivative Actions against the Settling Defendants through trial and through appeals. Lead Plaintiffs' counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Derivative Actions, as well as the difficulties and delays inherent in such litigation. Lead Plaintiffs' counsel also are mindful of the inherent problems of proof and possible defenses to the claims asserted in the Derivative Actions or which may be asserted. Having made a thorough investigation of the facts Lead Plaintiffs' counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon Semtech and its stockholders. Based on their evaluation, Lead Plaintiffs have determined that the Settlement set forth in the Stipulation is in the best interests of the Lead Plaintiffs, Semtech and its stockholders.

IV. **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiffs (for themselves and derivatively on behalf of Semtech) and the Settling Defendants, by and through their respective counsel or attorneys of record, that, subject to all necessary court approvals, entry of a Final Judgment as provided in this Stipulation, and satisfaction of all other conditions set forth herein, the Derivative Actions and the Released Claims shall be finally and fully compromised, settled and released, and the Derivative Actions shall be dismissed with prejudice, upon and subject to the terms and conditions of the Stipulation, as follows.

**1.    Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1       1.1   "Derivative Actions" means, collectively, the Federal Derivative Action
2   and the State Derivative Action.

3       1.2   "Effective Date" means the first date by which all of the events and
4   conditions specified in ¶6.1 of the Stipulation have been met and have occurred.

5       1.3   "Federal Court" means the United States District Court for the Central
6   District of California Western Division.

7       1.4   "Final" means the time when a judgment that has not been reversed,
8   vacated, or modified in any way is no longer subject to appellate review, either
9   because of disposition on appeal and conclusion of the appellate process or because of
10  passage, without action, of time for seeking appellate review.  More specifically it is
11  that situation when: (1) either no appeal has been filed and the time has passed for any
12  notice of appeal to be timely filed in the Derivative Actions; or (2) an appeal has been
13  filed and the court of appeals has/have either affirmed the Judgment or dismissed that
14  appeal and the time for any reconsideration or further appellate review has passed; or
15  (3) a higher court has granted further appellate review and that court has either
16  affirmed the underlying Judgment or affirmed the court of appeals' decision affirming
17  the Judgment or dismissing the appeal.

18      1.5   "Individual Defendants" means all defendants named in the Amended
19  Verified Shareholder Derivative Complaint filed in the Federal Derivative Action,
20  whether or not claims are currently pending against them as a result of consolidation,
21  namely, John D. Poe, Glen M. Antle, Raymond Bregar, James P. Burra, Jason L.
22  Carlson, David G. Franz, Jr., Rockell N. Hankin, Lawrence King, James T. Lindstrom,
23  Mohan R. Maheswaran, Paul Peterson, John L. Piotrowski, Wylie J. Plummer, Jeffrey
24  Pohlman, James T. Schraith, J. Michael Wilson, and Jean-Claude Zambelli.

25      1.6   "Judgment" means the judgment to be rendered by the Federal Court,
26  substantially in the form attached hereto as Exhibit C.

27      1.7   "Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP.

28

1    1.8    "Lead Plaintiffs" means collectively the Lead Federal Plaintiff and Lead
2    State Plaintiff.

3    1.9    "Lead State Counsel" means Schiffrin, Barroway, Topaz & Kessler, LLP.

4    1.10    "Mediator" means the Honorable Daniel Weinstein (Ret.).

5    1.11    "Person" means an individual, corporation, limited liability corporation,
6    professional corporation, partnership, limited partnership, limited liability partnership,
7    association, joint stock company, estate, legal representative, trust, unincorporated
8    association, government or any political subdivision or agency thereof, and any
9    business or legal entity and their spouses, heirs, predecessors, successors,
10    representatives, or assignees.

11    1.12    "Plaintiffs" refers collectively to any plaintiff who appeared in the
12    Federal Derivative Action or the State Derivative Action.

13    1.13    "Plaintiffs' Counsel" means any counsel that has appeared of record or
14    rendered legal services to any of the Plaintiffs in connection with the Derivative
15    Actions.

16    1.14    "Proceeding" means any threatened or actual action, suit, arbitration,
17    alternate dispute resolution mechanism, investigation, administrative hearing and any
18    other proceeding (including any appeals from any of the foregoing) whether civil,
19    criminal, administrative or investigative, except one initiated by an Individual
20    Defendant to enforce indemnity rights.

21    1.15    "Released Claims" shall mean and include any and all claims for relief,
22    demands, obligations, suits, actions, rights, causes of action, or liabilities whatsoever,
23    whether known claims, or Unknown Claims, or claims suspected to exist, whether
24    based on federal, state or local statutory or common law or any other law, rule or
25    regulation, that have been, could have been or could be asserted in the Derivative
26    Actions by Plaintiffs or any Person derivatively on behalf of Semtech, or by Semtech
27    directly, against the Individual Defendants or the Released Persons arising out of or
28    relating to the facts, transactions, events, occurrences, acts, disclosures, statements,

1  omissions or failures to act which were, could have been or could be alleged,
2  described, set forth, or referred to in the Derivative Actions through the date of the
3  Settlement, including but not limited to: claims for repayment of defense costs
4  (including, but not limited to, attorney fees) already advanced on behalf of Semtech to
5  the Individual Defendants or the Released Persons for the defense of the Derivative
6  Actions; claims related to stock option grants or exercises of stock option grants;
7  Semtech's historic policies, practices and procedures related to the granting or
8  exercise of stock options, Semtech's accounting for stock option grants or exercises,
9  the dating of Semtech's stock option grants (including, but not limited to, allegations
10  of so-called back-dating, forward-dating, spring-loading, bullet dodging, or any other
11  options dating practice, procedure or policy); and claims for breach of fiduciary duty,
12  aiding and abetting a breach of fiduciary duty, abuse of control, breach of Semtech's
13  policies  or  procedures,  waste  of  corporate  assets,  mismanagement,  gross
14  mismanagement,  abuse  of  control,  unjust  enrichment,  rescission,  accounting
15  constructive trust, insider trading, misappropriation of information, violations of
16  federal or state law, money damages, or other relief related to the historic stock option
17  granting practices.

18      1.16  "Released Persons" means Semtech, the Individual Defendants, and their
19  predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, heirs,
20  related or affiliated entities, each of their past or present officers, directors, employees,
21  including but not limited to all defendants named in any of the Derivative Actions
22  whether or not claims are currently pending against them as a result of consolidation,
23  namely, John D. Poe, John M. Baumann, Mark A. Drucker, Stewart Kelly, Glen M.
24  Antle, Raymond Bregar, James P. Burra, Jason L. Carlson, David G. Franz, Jr.,
25  Rockell N. Hankin, Lawrence King, R. Nejo Necar, James T. Lindstrom, Mohan R.
26  Maheswaran, Paul Peterson, John L. Piotrowski, Wylie J. Plummer, Jeffrey Pohlman,
27  James T. Schraith, J. Michael Wilson, Allen Orbuch, Jack O. Vance, David I.
28  Anderson, Kimberly J. Cuff, Suzanna Fabos, John T. Shaw, Jean-Claude Zambelli,

1   partners, attorneys, personal or legal representatives or spouses, any entity in which
2   such persons or Semtech has a controlling interest, any members of such person's
3   immediate family, any trust of which any Individual Defendant or Released Person is
4   the settlor or which is for the benefit of such person's or Released Person's family,
5   and all present and former officers, directors, and employees of Semtech's current and
6   former subsidiaries.

7       1.17   "Semtech" means Semtech Corporation.

8       1.18   "Settling Defendants" means the Individual Defendants and nominal
9   party Semtech.

10      1.19   "Settling Parties" means, collectively, each of the Individual Defendants,
11  Semtech and the Lead Plaintiffs on behalf of themselves, Semtech and its
12  stockholders.

13      1.20   "State Court" means the Superior Court of the State of California for the
14  County of Ventura.

15      1.21   "State Derivative Action" means *In re Semtech Corporation Derivative*
16  *Litigation*, Ventura Superior Court, Case No. Civ. 241299.

17      1.22   "Unknown Claims" means any of the Released Claims which any
18  Plaintiff, Semtech or Semtech stockholders do not know or suspect to exist in his, her
19  or its favor at the time of the release of the Released Persons, including claims which,
20  if known by him, her or it, might have affected his, her or its settlement with and
21  release of the Released Persons, or might have affected his, her or its decision not to
22  object to this Settlement.  With respect to any and all Released Claims, the Settling
23  Parties stipulate and agree that, upon the Effective Date, the Plaintiffs, Semtech and
24  each of the Semtech stockholders shall be deemed to have, and by operation of the
25  Judgment shall have, expressly waived, the provisions, rights and benefits of
26  California Civil Code §1542, which provides:

27              *A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS*
                *WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO*
28              *EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING*

- 10 -

1   ***THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST***
***HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT***
2   ***WITH THE DEBTOR.***

3   Upon the Effective Date, the Plaintiffs, Semtech and each of the Semtech stockholders

4   shall be deemed to have, and by operation of the Judgment shall have, expressly

5   waived any and all provisions, rights and benefits conferred by any law of any

6   jurisdiction or any state or territory of the United States, or principle of common law,

7   which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs,

8   Semtech and Semtech stockholders may hereafter discover facts in addition to or

9   different from those which he, she or it now knows or believes to be true with respect

10   to the subject matter of the Released Claims, but, upon the Effective Date, the

11   Plaintiffs, Semtech and each Semtech stockholder, shall be deemed to have, and by

12   operation of the Judgment shall have, fully, finally, and forever settled and released,

13   any and all Released Claims, known or unknown, suspected or unsuspected,

14   contingent or non-contingent, whether or not concealed or hidden, which now exist, or

15   heretofore have existed upon any theory of law or equity now existing or coming into

16   existence in the future, including, but not limited to, conduct which is negligent,

17   intentional, with or without malice, or a breach of any duty, law or rule, without

18   regard to the subsequent discovery or existence of such different or additional facts.

19   **2.   Settlement of the Action**

20   2.1   During the pendency of and in connection with the Derivative Actions,

21   Semtech implemented certain corporate governance reforms, internal control

22   measures, and equity award procedures and practices, as detailed in the attached

23   Exhibit D (the "Corporate Governance Reforms"). Semtech acknowledges and agrees

24   that the Derivative Actions were a significant contributing factor in the

25   implementation of the Corporate Governance Reforms. Semtech acknowledges and

26   agrees that such Corporate Governance Reforms confer a substantial benefit to the

27   Company.

28

**3.**     **Settlement Procedure**

3.1     Within fifteen (15) days of the execution of this Stipulation by all parties hereto, Lead Federal Plaintiff shall submit the Stipulation together with its exhibits to the Federal Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit B hereto, requesting *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice of Proposed Derivative Settlement ("Notice") and publication of the Summary Notice of Settlement ("Summary Notice"), substantially in the forms of Exhibits B-1 and B-2 attached hereto and to the Notice Order, respectively, which shall include the general terms of the Settlement set forth in the Stipulation, including the general terms of the fees and expenses agreed to be paid by Semtech and the date of the Settlement Hearing as defined below.  All costs in identifying and notifying Semtech's stockholders of the Settlement, including the mailing of the Notice and publication of the Summary Notice, will be paid by Semtech.  If additional notice is required by the Court, the cost and administration of such additional notice will be borne by Semtech.

3.2     Lead Federal Plaintiff will request that after the notice is given, the Federal Court hold a hearing (the "Settlement Hearing") to consider and determine whether an order approving the terms of the Settlement as fair, reasonable and adequate, including the payment of attorney fees and expenses, should be entered and whether a judgment should be entered thereon releasing all claims as discussed below.

3.3     The Notice will provide that within five (5) business days from the Federal Court's entry of the Judgment, the parties to the State Derivative Action will file a Stipulation for Dismissal, with prejudice, of the State Derivative Action ("State Court Stipulation for Dismissal"), and shall use their reasonable best efforts to take, or cause to be taken, all actions, and to do, or cause to be done, all things, reasonably necessary, proper or advisable under applicable laws, regulations and agreements to secure such dismissal with prejudice.

- 12 -

**4.   Releases**

4.1   Upon the Effective Date, as defined in ¶1.2 and subject to the terms of the Separate Poe and Franz Release Agreement (Exhibit A hereto), the Company, on behalf of itself and its shareholders and its successors and assigns, shall be deemed to have each fully, finally and forever released, relinquished and discharged, and shall forever be enjoined from prosecution of, each of the other Released Persons for the Released Claims; provided, however, that nothing set forth herein shall constitute a release by Semtech of any current or former director or officer from the responsibility or requirement, if any, to repay any advance of defense costs (including, but not limited to, attorney fees) or other payments made by Semtech to defend against any Proceeding, other than the Derivative Actions.  Semtech expressly reserves the right to seek such repayment in Proceedings other than the Derivative Actions if such repayment is required or permitted under Semtech's articles of incorporation, by-laws, Delaware law, or any indemnification agreement, insurance policy, or similar agreement between Semtech, its insurers, and/or any such Individual Defendant, Released Person, or other current or former officer or director.  Nothing set forth herein shall constitute a release by Semtech of rights to contribution or equitable indemnity in connection with the federal securities class actions currently pending in the Court styled as *In re Semtech Corporation Securities Litigation*, Case No. 2:07-cv-07114-CAS-(FMOx), and any related, subsequently filed Proceeding.  At the same time, nothing set forth herein constitutes a waiver by the Individual Defendants or Released Persons of any right to advancement or indemnity required or permitted under Semtech's articles of incorporation, by-laws, Delaware law, or any indemnification agreement, insurance policy, or similar agreement between Semtech, its insurers, and/or any such Individual Defendant, Released Person or other current or former officer or director.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

1    4.2    Upon the Effective Date, as defined in ¶1.2, Plaintiffs, on behalf of
2    themselves, their heirs, executors, administrators, successors and assigns, and
3    Semtech's current stockholders or any Persons they represent, shall be deemed to have
4    fully, finally and forever released, relinquished, and discharged, and shall forever be
5    enjoined from prosecution of each of the Released Persons for the Released Claims.

6    4.3    Upon the Effective Date, as defined in ¶1.2, each of the Individual
7    Defendants shall be deemed to have, and by operation of the Judgment shall have,
8    fully, finally, and forever released, relinquished and discharged each and all of the
9    Plaintiffs, Plaintiffs' Counsel, Semtech, and all of the Semtech stockholders (solely in
10   their capacity as Semtech stockholders) from all claims (including Unknown Claims),
11   arising out of, relating to, or in connection with the institution, prosecution, assertion,
12   settlement or resolution of the Derivative Actions or the Released Claims.  Nothing
13   herein shall in any way impair or restrict the rights of any Settling Party to enforce the
14   terms of the Stipulation.

15   4.4    Upon the Effective Date, as defined in ¶1.2, each of the Individual
16   Defendants will be forever barred and enjoined from commencing, instituting or
17   prosecuting any or all claims (including Unknown Claims) against each and all of the
18   Plaintiffs, Plaintiffs' Counsel, Semtech, and all of the Semtech stockholders (solely in
19   their capacity as Semtech stockholders) arising out of, relating to, or in connection
20   with the institution, prosecution, assertion, settlement or resolution of the Derivative
21   Actions or the Released Claims.  Nothing herein shall in any way impair or restrict the
22   rights of any Settling Party to enforce the terms of the Stipulation.

23   **5.    Plaintiffs' Counsel's Attorney Fees and Expenses**

24   5.1    After discussing various remedial measures and agreeing on the adequacy
25   of the Corporate Governance Reforms, as part of the settlement, the parties agreed
26   upon the attorney fees that Semtech would pay to Lead Counsel for Lead Plaintiff.
27   Semtech has agreed to pay $3,250,000 to Lead Counsel for Lead Plaintiff for their
28   fees, costs and expenses, subject to Court approval (the "Fee and Expense Award").

1    5.2    Within five (5) business days of issuance of an order by the Federal Court
2  finally approving the Settlement, Semtech will make payment of Fee and Expense
3  Award to Coughlin Stoia Geller Rudman & Robbins LLP.  These amounts shall be
4  held by Coughlin Stoia Geller Rudman & Robbins LLP as *custodia legis*, subject to
5  further order of the Court, and subject to Plaintiffs' Counsel's joint and several
6  separate obligation to make appropriate refunds or repayments of the principal amount
7  and any accrued interest to the party or parties who made the payment if and when, as
8  a result of any further order of the Court, appeal, further proceedings on remand, or
9  successful collateral attack the Settlement does not become Final.  Coughlin Stoia
10  Geller Rudman & Robbins LLP shall be responsible for the allocation of such fees and
11  expenses to Plaintiffs' Counsel, based upon each counsel's contribution to the
12  initiation, prosecution and/or resolution of the Derivative Actions.  The Settling
13  Defendants shall have no responsibility for the allocation of the Fee and Expense
14  Award.

15    5.3    The Fee and Expense Award shall constitute full and complete payment
16  for all of Plaintiffs' Counsel's attorney fees and expenses that have been incurred or
17  will be incurred in connection with the litigation and resolution of the Derivative
18  Actions.

19    5.4    Upon payment of the Fee and Expense Award, the Released Persons shall
20  be discharged from any further liability for payment of Plaintiffs' attorney fees, costs,
21  or expenses in the Derivative Actions.  Except as expressly provided herein, Plaintiffs
22  and Plaintiffs' Counsel shall bear their own fees, costs and expenses, and no
23  Individual Defendant or Semtech shall assert any claim for expenses, costs or fees
24  against any Plaintiff or Plaintiffs' Counsel.

25    5.5    The parties agree that the actual Fee and Expense Award to be
26  determined by the Court shall not affect and will not be grounds for terminating the
27  proposed Settlement.

28

- 15 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**6.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

6.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the approval of the terms of the Settlement by the Semtech SLC;

(b)     the Court has entered the Judgment;

(c)     the entry of a judgment by the Court in the State Derivative Action, dismissing with prejudice and without awarding costs to any party;

(d)     the judgments referred to in subparagraphs (b) and (c) above have become Final, provided, however, that any proceeding or order or portion thereof, or any appeal or petition for a writ, pertaining solely to the Fee and Expense Award, shall not delay or prevent the Effective Date from occurring; and

(e)     Semtech has paid the Fee and Expense Award.

6.2     If any of the conditions specified in ¶6.1 are not met, then the Stipulation shall be canceled and terminated subject to ¶6.3, and the Settling Parties shall be restored to their respective positions in the Derivative Actions as of the last date on which a Settling Party has executed this Stipulation, unless one or more of the conditions are expressly waived in writing by counsel for each of the Settling Parties.

6.3     If for any reason the Effective Date of the Stipulation does not occur, or if the Stipulation is in any way canceled or terminated or if any rulings in the Derivative Actions related to the Stipulation are successfully attacked collaterally, the payments to Plaintiffs' Counsel pursuant to ¶¶5.1-5.3 shall be returned to the party or parties who made the payment within seven (7) calendar days of said event.  The return obligation set forth in this paragraph and ¶5.2 is the joint and several obligation of those Plaintiffs' Counsel who have received a payment in the Derivative Actions.  Each such Plaintiffs' Counsel's law firm, as a condition of receiving such payment, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Federal Court for the purposes of enforcing this paragraph.  In the

event that the Stipulation or Settlement is not approved by the Court or the Settlement is terminated for any reason, the Settling Parties and Released Persons shall be restored to their respective positions as of the date of the execution of this Stipulation, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Settling Parties or Released Persons, shall not be deemed or construed to be an admission by any Settling Party or Released Person of any act, matter, or proposition and shall not be used in any manner for any purpose in any subsequent proceeding in the Derivative Actions or in any other action or proceeding. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.22, 5.1-5.5, 6.1-6.3 and 7.5-7.14 herein, shall have no further force and effect and shall not be used in the Derivative Actions or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the amount of any attorney fees, costs, expenses and interest awarded by the Court to Plaintiffs' Counsel shall constitute grounds for cancellation or termination of the Stipulation.

### 7.   Miscellaneous Provisions

7.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

7.2     Pending final determination of whether the Settlement should be approved, all proceedings and all further activity between the Settling Parties regarding or directed towards the Derivative Actions, save for those activities and proceedings relating to this Stipulation and the Settlement, shall be stayed.

7.3     Pending the Effective Date of this Stipulation or the termination of the Stipulation according to its terms, Plaintiffs are barred and enjoined from

1  commencing, prosecuting, instigating, or in any way participating in the
2  commencement or prosecution of any action asserting any Released Claims, either
3  directly, representatively, derivatively, or in any other capacity, against any Released
4  Person.

5      7.4    The parties intend this Settlement to be a final and complete resolution of
6  all disputes between them with respect to the Derivative Actions.  The Settlement
7  compromises claims which are contested and shall not be deemed an admission by
8  any Settling Party or Released Person as to the merits of any claim, allegation or
9  defense.    While the Settling Defendants deny that the claims advanced in the
10 Derivative Actions are meritorious, these Defendants agree that in any statement made
11 to any media representative (whether or not for attribution) they will not deny that the
12 Derivative Actions were filed in good faith and in accordance with the applicable
13 federal rules, including, without limitation, Federal Rule of Civil Procedure 11 and all
14 other similar laws.  The Settling Parties further agree that the claims are being settled
15 voluntarily after consultation with competent legal counsel.

16     7.5    Neither the Stipulation (including any exhibits attached hereto) nor the
17 Settlement, nor any act performed or document executed pursuant to or in furtherance
18 of the Stipulation or the settlement: (a) is or may be deemed to be or may be offered,
19 attempted to be offered or used in any way by the Settling Parties or Released Persons
20 as a presumption, a concession or an admission of, or evidence of, any fault,
21 wrongdoing or liability of the Settling Parties or the Released Persons or of the
22 validity of any Released Claims; or (b) is intended by the Settling Parties to be offered
23 or received as evidence or used by any other person in any other action or proceeding,
24 whether civil, criminal or administrative.    The Released Persons may file the
25 Stipulation and/or the Judgment in any action that may be brought against them in
26 order to support a defense or counterclaim based on principles of *res judicata*,
27 collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or
28

1 reduction, or any other theory of claim preclusion or issue preclusion or similar
2 defense or counterclaim.

3      7.6     The exhibits to this Stipulation are material and integral parts hereof and
4 are fully incorporated herein by this reference.

5      7.7     The Stipulation may be amended or modified only by a written
6 instrument signed by or on behalf of all Settling Parties or their respective successors-
7 in-interest.

8      7.8     This Stipulation and the exhibits attached hereto constitute the entire
9 agreement among the parties and no representations, warranties or inducements have
10 been made to any party concerning the Stipulation or any of its exhibits other than the
11 representations, warranties and covenants contained and memorialized in such
12 documents. Except as otherwise provided herein, each party shall bear its own costs.

13      7.9     Federal Lead Counsel and State Lead Counsel are expressly authorized
14 by the Lead Plaintiffs to take all appropriate action required or permitted to be taken
15 pursuant to the Stipulation to effectuate its terms and also are expressly authorized by
16 the Lead Plaintiffs to enter into any modifications or amendments to the Stipulation
17 which they deem appropriate on behalf of the Lead Plaintiffs.

18      7.10    Each counsel or other Person executing the Stipulation or its exhibits on
19 behalf of any Settling Party hereby warrants that such Person has the full authority to
20 do so.

21      7.11    The Stipulation may be executed in one or more counterparts. All
22 executed counterparts and each of them shall be deemed to be one and the same
23 instrument. A complete set of counterparts, either originally executed or copies
24 thereof, shall be filed with the Court.

25      7.12    The Stipulation shall be binding upon, and inure to the benefit of, the
26 successors and assigns of the Settling Parties and the Released Persons.

27      7.13    The Federal Court shall retain jurisdiction with respect to implementation
28 and enforcement of the terms of the Stipulation, and the Settling Parties submit to the

1 │ jurisdiction of the Federal Court for purposes of implementing and enforcing the
2 │ Settlement embodied in the Stipulation.

3 │     7.14   This Stipulation and the exhibits attached hereto shall be considered to
4 │ have been negotiated, executed and delivered, and to be wholly performed, in the
5 │ State of California, and the rights and obligations of the parties to the Stipulation shall
6 │ be construed and enforced in accordance with, and governed by, the internal,
7 │ substantive laws of the State of California without giving effect to that State's choice
8 │ of law principles.

9 │     7.15   Lead Plaintiffs hereby represent and warrant that they have not assigned
10 │ any rights, claims or causes of action that were asserted or could have been asserted in
11 │ connection with, under or arising out of the Released Claims.

12 │     7.16   All agreements made and orders entered during the course of the
13 │ Derivative Actions relating to the confidentiality of information shall survive this
14 │ Stipulation.

15 │     7.17   Without further order of the Court, the Settling Parties may agree to
16 │ reasonable extensions of time to carry out any of the provisions of this Stipulation.

17 │     IN WITNESS WHEREOF, the Settling Parties have caused the Stipulation to
18 │ be executed by their duly authorized attorneys and dated September 3, 2008.

19 │                              COUGHLIN STOIA GELLER
                                   RUDMAN & ROBBINS LLP
20 │                              TRAVIS E. DOWNS III
                                   JAMES I. JACONETTE
21 │                              JEFFREY D. LIGHT
                                   BENNY C. GOODMAN III
22 │                              MARY LYNNE CALKINS

23 │

24 │                                   JEFFREY D. LIGHT

25 │
                                   655 West Broadway, Suite 1900
26 │                              San Diego, CA 92101
                                   Telephone: 619/231-1058
27 │                              619/231-7423 (fax)

28 │

1

2          COUGHLIN STOIA GELLER
             RUDMAN & ROBBINS LLP
3          SHAWN A. WILLIAMS
           AELISH M. BAIG
4          100 Pine Street, Suite 2600
           San Francisco, CA  94111
5          Telephone:  415/288-4545
           415/288-4534 (fax)

6          Lead Counsel for Plaintiffs

7          CICCARELLO DEL GIUDICE & LAFON
           MICHAEL J. DEL GIUDICE
8          TIMOTHY J. LAFON
           1219 Virginia Street, East, Suite 100
9          Charleston, WV  25301
           Telephone:  304/343-4440
10         304/343-4464 (fax)

11         Additional Counsel for Plaintiffs

12         ROBBINS UMEDA & FINK, LLP
           BRIAN J. ROBBINS
13         FELIPE J. ARROYO
           610 West Ash Street, Suite 1800
14         San Diego, CA  92101
           Telephone:  619/525-3990
15         619/525-3991 (fax)

16         Attorneys for Plaintiff
           Manmohan S. Lamba

17

18         SCHIFFRIN, BARROWAY, TOPAZ
             & KESSLER LLP
           ERIC L. ZAGAR
19         NICHOLE T. BROWNING
           TARA P. KAO

20

21                    _____
22                         ERIC L. ZAGAR

23         280 King of Prussia Road
           Radnor, PA  19087
24         Telephone:  (610) 667-7706
           Facsimile:  (610) 667-7056

25

26

27

28

                              - 21 -

1

2   ROSMAN & GERMAIN LLP
    DANIEL L. GERMAIN
3   16311 Ventura Blvd., Suite 1200
    Encino, CA  91436-2152
4   Telephone:  (818) 788-0877
    Facsimile:  (818) 788-0885

5   Lead Counsel for Lead State Plaintiff

6   PAUL, HASTINGS, JANOFSKY
      & WALKER LLP
7   CHRISTOPHER H. McGRATH
    COLLEEN E. HUSCHKE
8

9   _____
10            CHRISTOPHER H. McGRATH

11  3579 Valley Centre Drive
    San Diego, CA  92130
12  Telephone:  858/720-2500
    858/720-2555 (fax)
13
    PAUL, HASTINGS, JANOFSKY
14    & WALKER, LLP
    THOMAS A. ZACCARO
15  515 South Flower Street
    Twenty-Fifth Floor
16  Los Angeles, CA  90071-2228
    Telephone: 213/683-6000
17  213/627-0705 (fax)

18  Attorneys for Nominal Defendant
    Semtech Corporation and Attorneys for
19  Individual Defendants, Glen M. Antle,
    Raymond Bregar, James P. Burra, Jason L.
20  Carson, Rockwell N. Hankin, Lawrence
    King, James T. Lindstrom, Mohan R.
21  Maheswaran, Paul Peterson, John L.
    Piotrowski, Wylie J. Plummer, Jeffrey
22  Pohlman, James T. Scraith, J. Michael
    Wilson and Jean-Claude Zambelli
23
    HOWREY, LLP
24  ROBERT E. GOODING, JR.

25

26  _____
            ROBERT E. GOODING, JR.
27

28

1

2

3

4                ROSMAN & GERMAIN LLP
              DANIEL L. GERMAIN
              16311 Ventura Blvd., Suite 1200
              Encino, CA  91436-2152
              Telephone:  (818) 788-0877
              Facsimile:  (818) 788-0885

5                Lead Counsel for Lead State Plaintiff

6                PAUL, HASTINGS, JANOFSKY
                & WALKER LLP

7                CHRISTOPHER H. McGRATH
              COLLEEN E. HUSCHKE

8

9                                       :

10                     CHRISTOPHER H. McGRATH

11               3579 Valley Centre Drive
              San Diego, CA  92130

12               Telephone:  858/720-2500
              858/720-2555 (fax)

13

14               PAUL, HASTINGS, JANOFSKY
                & WALKER, LLP

15               THOMAS A. ZACCARO
              515 South Flower Street

16               Twenty-Fifth Floor
              Los Angeles, CA  90071-2228

17               Telephone:  213/683-6000
              213/627-0705 (fax)

18               Attorneys for Nominal Defendant
              Semtech Corporation and Attorneys for

19               Individual Defendants, Glen M. Antle,
              Raymond Bregar, James P. Burra, Jason L.

20               Carson, Rockwell N. Hankin, Lawrence
              King, James T. Lindstrom, Mohan R.

21               Maheswaran, Paul Peterson, John L.
              Piotrowski, Wylie J. Plummer, Jeffrey

22               Pohlman, James T. Scraith, J. Michael
              Wilson and Jean-Claude Zambelli

23

24               HOWREY, LLP
              ROBERT E. GOODING, JR.

25

26

27                    ROBERT E. GOODING, JR.

28

- 22 -

1

2          4 Park Plaza, Suite 1700
           Irvine, CA 92614
3          Telephone: 949/759-3916
           949/721-6910 (fax)

4          Attorneys for John D. Poe

5          DLA PIPER US LLP
           ROBERT W. BROWNLIE
6

7

8                              ROBERT W. BROWNLIE

9          401 B Street, Suite 1700
           San Diego, CA 92101-4297
10         Telephone: 619/699-2700
           619/699-2701 (fax)

11         Attorneys for David G. Franz, Jr.

12

13    C:\Documents and Settings\rbrownlie\Local Settings\Temporary Internet Files\OLK17E\(v3) STP00052677.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              - 23 -

1

CERTIFICATE OF SERVICE

2       I hereby certify that on September 4, 2008, I electronically filed the foregoing

3   with the Clerk of the Court using the CM/ECF system which will send notification of

4   such filing to the e-mail addresses denoted on the attached Electronic Mail Notice

5   List, and I hereby certify that I have mailed the foregoing document or paper via the

6   United States Postal Service to the non-CM/ECF participants indicated on the attached

7   Manual Notice List.

8       I certify under penalty of perjury under the laws of the United States of America

9   that the foregoing is true and correct.  Executed on September 4, 2008.

10

11
                       s/ Jeffrey D. Light
                       JEFFREY D. .LIGHT

12
                       COUGHLIN STOIA GELLER
13
                          RUDMAN & ROBBINS LLP
                       655 West Broadway, Suite 1900
14
                       San Diego, CA  92101-3301
                       Telephone: 619/231-1058
15
                       619/231-7423 (fax)

16
                       E-mail:       Jeffl@csgrr.com

17

18

19

20

21

22

23

24

25

26

27

28

23

# Mailing Information for a Case 2:06-cv-03510-CAS-FMO

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Gidon M Caine**
  gcaine@jonesday.com

- **Roman E Darmer , II**
  darmerr@howrey.com

- **Kimberley Ann Donohue**
  kimberleydonohue@paulhastings.com,veronicacortez@paulhastings.com

- **Travis E Downs , III**
  travisd@csgrr.com

- **Robert E Gooding , Jr**
  goodingr@howrey.com

- **James I Jaconette**
  jamesj@csgrr.com

- **Jacob S Kreilkamp**
  jacob.kreilkamp@mto.com,karen.easton@mto.com

- **Christopher H McGrath**
  chrismcgrath@paulhastings.com,veronicacortez@paulhastings.com

- **Nicolas Morgan**
  nicolas.morgan@dlapiper.com

- **Darren J Robbins**
  e_file_sd@csgrr.com

- **Kip B Shuman**
  kip@shumanberens.com

- **David C Walton**
  davew@csgrr.com

- **Bart H Williams**
  bart.williams@mto.com,terry.valencia@mto.com

**2 4**

- **Thomas A Zaccaro**
  thomaszaccaro@paulhastings.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**William S Lerach**
Coughlin Stoia Geller Rudman and Robbins
655 West Broadway, Suite 1900
San Diego, CA 92101

**Daniel Joseph Lickel**
Paul Hasting Janofsky and Walker
3579 Valley Centre Dr
San Diego, CA 92130

**2 5**

**Manual Notice List**

Robert W. Brownlie
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
    619/699-3650
    619/699-2701(Fax)

Michael J. Del Giudice
Timothy J. LaFon
Ciccarello Del Giudice & LaFon
1219 Virginia Street, East, Suite 100
Charleston, WV 25301
    304/343-4440
    304/343-4464(Fax)

EXHIBITS TO STIPULATION OF SETTLEMENT

| **Document** | **Exhibit** | **Page** |
|---|---|---|
| Separate Poe and Franz Release Agreement | A | 28 |
| [Proposed] Order Preliminarily Approving Derivative Settlement and Providing for Notice | B | 40 |
| Notice of Proposed Derivative Settlement | B-1 | 46 |
| Summary Notice of Settlement | B-2 | 61 |
| [Proposed] Final Judgment and Order of Dismissal with Prejudice | C | 65 |
| Corporate Governance Reforms | D | 70 |

S:\Settlement\Semtech Deriv.set\MIS INDEX EXHS.doc